Case 4:15-cv-03379   Document 9   Filed in TXSD on 02/02/16   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 02, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LWL CONSTRUCTION, LLC d/b/a THE LESTER GROUP, | § § § |
| Plaintiffs, | § § § |
| v. | § §   CIVIL ACTION NO. H-15-3379 |
| COUNTRYWIDE HOME LOANS, INC., and DITECH FINANCIAL, LLC, | § § § § § |
| Defendants. | § |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff's Motion to Remand (Docket Entry No. 5), asking that this action be remanded to the 85th Judicial District Court of Brazos County, Texas. For the reasons explained below, the motion to remand will be denied, and defendant Ditech will be ordered to file an amended notice of removal that identifies LWL's members and their respective states of citizenship.

**I.   Factual and Procedural Background**

This action concerns the validity of a lien on real property located in Brazos County, Texas. On October 13, 2015, plaintiff, LWL Construction, LLC d/b/a The Lester Group ("LWL") filed suit in the 85th Judicial District Court of Brazos County, Texas, against defendants, Countrywide Home Loans, Inc. ("Countrywide"), and

Ditech Financial, LLC ("Ditech") seeking declaratory judgment that the lien is unenforceable.[1]

On October 13, 2015, LWL's attorney, Maryssa J. Simpson ("Simpson"), filed two forms requesting issuance of two citations, one for Countrywide and one for Ditech, asking that the two citations be "Mail[ed] to Attorney's Office/Requesting Party."[2]

On November 17, 2015, Ditech filed a Notice of Removal pursuant to 28 U.S.C. § 1332(a) asserting that "there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00."[3]

On November 20, 2015, Simpson drafted a letter to the Brazos County District Clerk stating: "Enclosed please find the Return of Citation and signed green card for service on Countrywide Home Loans, Inc., through its registered agent.  Please file the original among the other papers in this case."[4]  Attached thereto is a signed green card showing receipt on October 21, 2015.[5]

On January 4, 2016, LWL filed Plaintiff's Motion to Remand.[6]

---

[1] Plaintiff's Original Petition, Exhibit B-1 to Notice of Removal, Docket Entry No. 1-2.

[2] Issuance of Process Instructions, Exhibit B-1 to Notice of Removal, Docket Entry No. 1-2.

[3] Notice of Removal, Docket Entry No. 1, p. 1.

[4] Exhibit A to Plaintiff's Brief in Support of Plaintiff's Motion to Remand, Docket Entry No. 6-1, p. 1.

[5] Id. at p. 3.

[6] Plaintiff's Motion to Remand, Docket Entry No. 5.

## II. <u>**LWL's Motion to Remand**</u>

Asserting that all defendants were served on the same date, October 21, 2015, LWL argues that this action should be remanded because Ditech's Notice of Removal is defective since Countrywide neither consented to nor joined in the notice of removal.[7] Ditech responds that LWL's motion to remand should be denied because it was not timely filed, and because Countrywide was not properly served, Ditech was not required to obtain Countrywide's consent to removal.[8]

### A. **Standard of Review**

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Original federal jurisdiction exists where the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

---

[7] Plaintiff's Brief in Support of Plaintiff's Motion to Remand, Docket Entry No. 6, p. 3.

[8] Defendant Ditech Financial LLC's Response in Opposition to Plaintiff's Motion to Remand, Docket Entry No. 7.

exclusive of interest and costs, and is between — (1) citizens of different States." 28 U.S.C. § 1332. The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ." 28 U.S.C. § 1446(b). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). After removal of a case, the plaintiff may move for remand and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Id. The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996) (citing Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868, 872 (1941)).

B. **Analysis**

LWL argues that this action should be remanded because Countrywide failed either to consent to or to join in the notice of removal within thirty days of being served on October 21, 2015. This argument has no merit because 28 U.S.C. § 1447(c) states in

4

pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The failure to obtain consent to removal or to join all served defendants in the notice of removal as required by 28 U.S.C. § 1446(b)(2)(A) is not a jurisdictional defect but is, instead, a waivable procedural defect. See <u>Getty Oil Corp., a Division of Texaco, Inc. v. Insurance Co. of North America</u>, 841 F.2d 1254, 1263 (5th Cir. 1988). See also See <u>In re Shell Oil Co.</u>, 932 F.2d 1518, 1523 (5th Cir. 1991) ("Improper removal under § 1441(b) is [] a waivable removal defect."). Because the defect in removal on which LWL bases its motion to remand is a waivable procedural defect, LWL was required to file its motion to remand within 30 days after Ditech filed its Notice of Removal. 28 U.S.C. § 1447(c). Because Ditech filed its Notice of Removal on November 17, 2015, but LWL did not file its motion to remand until more than 30 days later on January 4, 2016, LWL's motion to remand was untimely and LWL, therefore, waived the procedural defect in the removal process on which its motion to remand is based. See <u>In re Shell Oil Co.</u>, 932 F.2d at 1523 ("[P]laintiffs have waived any non-jurisdictional grounds for remand existing at the time of removal by not moving to remand within 30 days of the notice of removal."). Accordingly, LWL's motion to remand for a waivable procedural defect in the removal procedure will be denied.

## III. Order to Amend Notice of Removal to Allege Facts Establishing Subject Matter Jurisdiction

Notwithstanding the untimeliness of LWL's motion to remand, 28 U.S.C. § 1447(c) provides for remand at any time before final judgment where it appears that the district court lacks subject matter jurisdiction. A federal court has subject-matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist there must be "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Property Co. v. Roche, 126 S.Ct. 606 (2005). Although the parties do not dispute the existence of complete diversity or that the matter in controversy exceeds the value of $75,000, litigants cannot bestow subject-matter jurisdiction on federal courts by waiver or consent. See Mitchell v. Maurer, 55 S.Ct. 162, 165 (1934) ("[L]ack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties."). See also Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir.), cert. denied, 122 S.Ct. 459 (2001) ("It is true that subject-matter jurisdiction cannot be created by waiver or consent. It is equally true that federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties.").

On November 17, 2015, Ditech filed its Notice of Removal. Citing 28 U.S.C. § 1332(a), and asserting that the amount in controversy exceeds $75,000.00, Ditech asserted:

> 5. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Defendants, and more than $75,000.00 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.
>
> **1. Citizenship of Plaintiff**
>
> 6. Plaintiff is a citizen of Texas. Specifically, Plaintiff states that it is a Texas corporation with its principal place of business at 2801 Earl Rudder Freeway South, College Station, Texas 77845. (P.'s Pet. ¶ 2). Plaintiff is therefore citizens of the State of Texas for diversity purposes. 28 U.S.C. 1332(c)(1).
>
> **2. Citizenship of Ditech Financial LLC's Members**
>
> 7. Ditech Financial LLC is a Delaware limited liability company with its principal office located in Tampa, Florida. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. . . *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). . .
>
> 8. The members of Ditech Financial LLC are Green Tree Licensing, LLC, a Delaware limited liability company with its principal office located in Minnesota and Green Tree Servicing Corp. a Delaware Corporation with its principal office in Minnesota.
>
> 9. The sole member of Green Tree Licensing, LLC is Green Tree Investment Holdings II LLC, a Delaware limited liability company with its principal office located in Minnesota.
>
> 10. The sole member of Green Tree Investment Holdings II LLC is Green Tree Credit Solutions LLC, a Delaware limited liability company with its principal office located in Minnesota.
>
> 11. The sole member of Green Tree Credit Solutions LLC is Walter Investment Holding Company, LLC, a Delaware

limited liability company with its principal office located in Florida.

12. The sole member of Walter Investment Holding Company LLC is Walter Investment Management Corp., a Maryland corporation with its principal office located in Florida.

13. Ditech is not and never has been a citizen of the State of Texas nor was it organized in the State of Texas. Accordingly, Ditech is a citizen of Delaware, Minnesota, Maryland, and Florida.

**3.    Citizenship of Countrywide Home Loans, Inc.**

14. Countrywide Home Loans, Inc. is a New York Corporation with its principal place of business in California. Therefore Countrywide is a citizen of New York and California for diversity purposes.

15. Because Plaintiff is a citizen of Texas; Defendant Ditech and its members are citizens of Delaware, Minnesota, Maryland, and Florida; and Defendant Countrywide is a citizen of New York and California there is complete diversity between Plaintiff and Defendants for purposes of 28 U.S.C. § 1332.[9]

As stated in ¶ 7 of Ditech's Notice of Removal, the citizenship of a limited liability company is determined by the citizenship of its members. <u>Harvey</u>, 542 F.3d at 1079-80. Plaintiff's Original Petition states that "LWL Construction, LLC, d/b/a The Lester Group[,] is a Texas corporation with a principal place of business located [in] . . . College Station, Texas."[10] But neither plaintiff's petition nor Ditech's Notice of Removal contains any mention of LWL's members, let alone their respective

---

[9]Notice of Removal, Docket Entry No. 1, pp. 2-4 ¶¶ 5-15.

[10]Plaintiff's Original Petition, Docket Entry No. 1-1, p. 1 ¶ 2.

states of citizenship. Under Harvey these allegations are insufficient to establish diversity jurisdiction. Accordingly, Ditech will be ordered to file an amended notice of removal that identifies LWL's members and their respective states of citizenship.

## IV.  Conclusions and Order

For the reasons stated in § II above, Plaintiff's Motion to Remand, Docket Entry No. 5, is **DENIED**.

For the reasons stated in § III above, Ditech is **ORDERED** to file an amended notice of removal within thirty (30) days from the date of this Memorandum Opinion and Order that identifies LWL's members and their respective states of citizenship. Should Ditech fail to file an amended notice of removal within thirty (30) days that adequately alleges facts sufficient to establish subject matter jurisdiction, this action will be dismissed for lack of jurisdiction.

**SIGNED** at Houston, Texas, on this 2nd day of February, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE