IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LWL CONSTRUCTION, LLC d/b/a §
THE LESTER GROUP, §
　　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　　§
v. § CIVIL ACTION NO. H-15-3379
　　　　　　　　　　　　　　　§
COUNTRYWIDE HOME LOANS, INC. §
and DITECH FINANCIAL LLC, §
　　　　　　　　　　　　　　　§
　　　　　Defendants. §

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion for Summary Judgment ("Plaintiff's MSJ") (Docket Entry No. 33). For the reasons explained below, the motion for summary judgment will be denied.

## I. Undisputed Facts

This action concerns the validity of a lien on real property located in Brazos County, Texas. On September 10, 2015, plaintiff, LWL Construction, LLC d/b/a The Lester Group ("LWL") purchased a property located at 1414 Elkton Court, College Station, Brazos County, Texas 77845 (the "Property"). The Property is subject to a Deed of Trust (the "Lien") signed by Michael Baker and Yvonne Baker (the "Borrowers") on March 26, 2004, securing payment of a note (the "Note") originally given to Spectrum Lending, Inc. On February 28, 2005, defendant Countrywide Home Loans, Inc.

("Countrywide") sent a Notice of Acceleration to the Borrowers through its counsel.¹ On May 13, 2005, Countrywide filed a Rescission of Acceleration of Loan Maturity in Brazos County.² Countrywide then sent to the Borrowers four separate notices of default requesting payments of amounts less than the full amount due on the Note.³ Each notice stated an amount necessary to "reinstate the loan" and to "cure the default."⁴ Each notice also stated that payments "will be" accelerated if the default were not cured by the date provided.⁵ The Borrowers entered into a Loan Modification Agreement with Countrywide on July 22, 2007.⁶

LWL filed suit in the 85th Judicial District Court of Brazos County, Texas, on October 13, 2015, seeking a declaratory judgment that the Lien is invalid and unenforceable. Defendant Ditech Financial LLC ("Ditech") timely removed the action to this court. LWL, arguing that the limitations period for enforcement of

---

¹Plaintiff Exhibit C, attached to Plaintiff's MSJ, Docket Entry No. 33-1, pp. 19-21.

²Exhibit A-1 to Defendants' Response and Brief in Opposition to Plaintiff's Motion for Summary Judgment ("Defendants' Response"), Docket Entry No. 36-1, pp. 3-4.

³Exhibits A-2 through A-5 to Defendants' Response, Docket Entry No. 36-1, pp. 5-12.

⁴Id.

⁵Id.

⁶Defendants' Exhibit A-6, attached to Defendants' Response, Docket Entry No. 36-1, pp. 13-14.

the Lien has run, moves for summary judgment on the issue of the validity of the Lien.

## II. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing Fed. R. Civ. P. 56(c)). "In order to avoid summary judgment, the nonmovant must identify specific facts within the record that demonstrate the existence of a genuine issue of material fact." CQ, Inc. v. TXU Mining Company, L.P., 565 F.3d 268, 273 (5th Cir. 2009).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). "Unsubstantiated assertions are not competent summary judgment evidence." Hugh Symons Group, plc v. Motorola, Inc., 292 F.3d 466,

468 (5th Cir. 2002) (citing <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2553 (1986)). And "[m]ere conclusory allegations are not competent summary judgment evidence." <u>Id.</u> (citing <u>Eason v. Thaler</u>, 73 F.3d 1322, 1325 (5th Cir. 1996)).

### III. <u>LWL's Motion for Summary Judgment</u>

#### A. Nature of the Suit

In Plaintiff's Original Petition, which remains the live pleading in this action, LWL asserts a cause of action for declaratory judgment that "Defendants' Claim of Lien is invalid and unenforceable."[7] In its Motion for Summary Judgment, LWL refers to its claim for "declaratory relief on its suit to quiet title and for declaratory judgment from the Court that Defendants' Claim of Lien is invalid and unenforceable."[8] LWL also cites in its motion the elements of an action to quiet title.[9] Based upon LWL's allegations, the court concludes that the nature of this action is a suit to quiet title. "[A] litigant's request for declaratory relief does not alter a suit's underlying nature." <u>City of El Paso v. Heinrich</u>, 284 S.W.3d 366, 370 (Tex. 2009).

"The elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property,

---

[7]Exhibit B-1 to Notice of Removal, Docket Entry No. 1-2, p. 3.

[8]Plaintiff's MSJ, Docket Entry No. 33, p. 2.

[9]<u>Id.</u> at 3-4.

(2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." Vernon v. Perrien, 390 S.W.3d 47, 61 (Tex. App. 2012) (citation omitted). Because LWL's motion focuses on the third element, the court will direct its analysis to the validity of the Lien.

B. Applicable Law

"A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a). "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." Id. at § 16.035(d). The limitations period for a note containing an optional acceleration clause does not run automatically upon default but "accrues only when the holder actually exercises its option to accelerate." Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001); see also Seigel v. U.S. Bank National Association, 218 F. Supp. 3d 541, 545 (S.D. Tex. 2016).

The acceleration of a note can be abandoned "by agreement or other action of the parties." Boren v. U.S. National Bank Association, 807 F.3d 99, 104 (5th Cir. 2015) (citing Khan v. GBAK Properties, Inc., 371 S.W.3d 347, 353 (Tex. App.--Houston [1st

-5-

Dist.] 2012, no pet.)). "Abandonment of acceleration has the effect of restoring the contract to its original condition," thereby "restoring the note's original maturity date" for purposes of accrual. Khan, 371 S.W.3d at 353 (citations omitted). Rescission or waiver of acceleration is effective if made by a written notice of a rescission or waiver served as provided in § 16.038(c) by the lienholder, the servicer of the debt, or an attorney representing the lienholder on each debtor. Id. at § 16.038(b). But Section 16.038 "does not create an exclusive method for waiver and rescission of acceleration." Id. at § 16.038(e). A lender may unilaterally abandon acceleration of a note "by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms." Boren, 807 F.3d at 105.

C. Analysis

LWL argues that the Lien is invalid and unenforceable because (1) the Note was accelerated more than four years ago and (2) Defendants did not serve a written notice of rescission or specific waiver of acceleration on the Borrowers pursuant to § 16.038. Defendants respond that the acceleration was rescinded, as evidenced by the recorded Rescission, by the notices that Countrywide sent to the Borrowers seeking payments of less than the

full outstanding amount and by the signed Loan Modification Agreement.[10]

The Fifth Circuit's holding in Boren is directly applicable to the facts of this case. In Boren the bank accelerated the borrowers' note but then sent notice to the borrowers that they could cure their default by paying a specified amount to bring the note current. Id. at 105-06. The notice also stated that the bank would accelerate the loan if the borrowers failed to pay the specified amount. Id. The court held that this "notice unequivocally manifested an intent to abandon the previous acceleration and provided the Borens with an opportunity to avoid foreclosure if they cured their arrearage," thus resetting the limitations period. Id. at 106.

Countrywide's notices expressly (1) allowed the Borrowers to cure their default with a specified payment less than the outstanding balance of the loan and (2) warned them that the note would be accelerated if they failed to cure the default by a specified date. Applying Boren, the court concludes that the notices in this case, at a minimum, raise a genuine issue of material fact as to whether the acceleration was abandoned within the limitations period and, therefore, whether the Lien is valid. LWL has therefore failed to establish that there is no genuine dispute about any material fact.

---

[10]Because the notices of default are sufficient to raise a genuine issue of material fact as to the validity of the Lien, the court does not reach Defendants' other arguments.

## IV. Conclusion and Order

For the reasons stated above, the court concludes that LWL has failed to show that it is entitled to judgment as a matter of law on its quiet title claim. Accordingly, Plaintiff's Motion for Summary Judgment (Docket Entry No. 33) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 31st day of July, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE